IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-02624-ZLW

MICHAEL ANTHONY CASTRO,

    Applicant,

v.

MR. B. DAVIS, Warden ADX-Florence,

    Respondent.

---

ORDER ON PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 3). After reviewing the response and the reply, the Court has determined it can resolve the Application without a hearing.[1]

**I.**     **Background**

In October 1993, Applicant was sentenced in the United States District Court for the Western District of Texas to a term of 180 months incarceration for possession of a

---

[1] Blackledge v. Allison, 31 U.S. 63, 83 (1977); *see also* Jeter v. Keohane, 739 F.2d 257, n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

firearm by a felon.[2]  The release date for this sentence, via good conduct time release, was April 5, 2009.[3]

On January 18, 2006, while serving the 180 month sentence, Applicant was indicted in the United States District Court for the Eastern District of Texas in case 06-cr-00013 for offenses that occurred while incarcerated at the Federal Correctional Complex in Beaumont, Texas.[4]  On February 21, 2006, Applicant returned to the Eastern District of Texas, from the United States Penitentiary in Marion, Illinois, via a Federal Writ of Habeas Corpus Ad Prosequendum.[5]

On August 1, 2007, Applicant was sentenced in case 06-cr-00013 to a term of 78 months incarceration for assault with a dangerous weapon with intent to do bodily harm and threatening to assault a correctional officer.[6]  This sentence was ordered to run consecutive to his 180 month term of incarceration.[7]

---

[2] Resp. To Order To Show Cause (Doc. No. 13; Jan. 25, 2011) at Ex. A-1, attachment 1.  Applicant did not object to any of the exhibits or attachments to Respondent's response. *See* Rules Governing Section 2254 Cases 7(c).

[3] Id. at Ex. A-1, attachments 6 & 7.

[4] Id. at Ex. A-1, attachment 2.

[5] Id. at Ex. A-1, attachments 3-4.  The Court assumes that February 26, 2006, the date which Applicant alleges his pre-trial credit began, was the date of his first appearance in case 06-cr-00013.

[6] Id. at Ex. A-1, attachment 5.

[7] Id.

On September 6, 2007, Applicant was transferred to the United States Penitentiary in Florence, Colorado to complete his 180 month sentence and to serve his 78 month sentence.[8]

Applicant is presently in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary ADX in Florence, Colorado.[9] Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on October 27, 2010.[10] This Court issued an Order To Show Cause to Respondents on December 22, 2010.[11] Respondent filed a response on January 25, 2011.[12] Applicant filed a reply on February 11, 2011.[13]

## II.   Application

Applicant is challenging the computation of his federal sentence. He alleges that the BOP has not provided the correct amount of credit for time he spent in pre-trial detention while charges in case 06-cr-00013 were pending. He seeks 541 days of pre-trial credit, from February 26, 2006 to August 1, 2007, to be applied to his sentence received in 06-cr-00013.

---

[8] Id. at Ex. A-1, attachment 6.

[9] *See* Application (Doc. No. 3; Oct. 27, 2010) at 1.

[10] Id.

[11] Doc. No. 12.

[12] Doc. No. 14.

[13] Doc. No. 15.

**III.     Legal Standard**

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[14]  The Court should not be the *pro se* litigant's advocate.[15]

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[16]  "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including . . . computation of a prisoner's sentence by prison officials."[17]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[18]  Here, Applicant correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated at the time of filing.

---

[14] Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[15] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

[17] Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original).

[18] Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

**IV.   Analysis**

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*"[19]

In this case, Applicant was credited the 541 days he requests for pre-trial detention in his 180 month October 1993 sentence.[20] Therefore, pursuant to statute he is not eligible to have this time credited to the 06-cr-00013 sentence since this time was already "credited against another sentence."[21]

Applicant claims that Comrie v. Wilner provides that time spent in jail for a specific case number must be credited toward that specific sentence.[22] However, that holding appears nowhere in Comrie. Conversely, Comrie found that a defendant is not entitled to credit under 18 U.S.C. § 3585(b) if that time is credited to a sentence already being served.[23] Comrie's holding is consistent with the result in this case.

---

[19] 18 U.S.C. § 3585(b) (emphasis added); *see also* Resp. To Order To Show Cause at Ex. A-1, attachment 9 (Bureau of Prisons Program Statement 5880.28 at 1-14).

[20] Applicant began serving his 180 month sentence on October 19, 1995. Resp. To Order To Show Cause at Ex. A-1, attachment 6 (BOP sentence computation worksheet); 18 U.S.C. § 3585(a) (term of imprisonment commences on the date the defendant is received in custody). He received 350 days of prior credit and 211 days of good time credit resulting in a discharge date of April 6, 2009. Id. The 541 days of pre-trial credit Applicant requests from 2006-2007 has not been excluded from this sentence. *See* Id.

[21] 18 U.S.C. § 3585(b).

[22] Comrie v. Wilner, 380 Fed. Appx. 783 (10th Cir. 2010).

[23] Id. at 785.

**V.     Order**

It is ORDERED that Applicant's Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 3; Oct. 27, 2010) is denied.

DATED at Denver, Colorado, this 23rd day of February, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court